UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EARL NELSON,

      Petitioner,

v.                                Case No. 4:22-cv-15-WS-MJF

RICKY D. DIXON,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Earl Nelson has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondent ("the State") moves to dismiss the petition as time-barred. Doc. 10. Nelson opposes the motion. Doc. 14. The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Nelson's petition should be dismissed as time-barred.[1]

### I. BACKGROUND AND PROCEDURAL HISTORY

On November 23, 2015, Nelson was charged in Jefferson County Circuit Court Case No. 2015-CF-147, with Aggravated Battery with a Deadly Weapon. Doc.

_____

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

10, Ex. B.[2] The charge arose from Nelson stabbing another inmate with a knife/shank while incarcerated at the Jefferson Correctional Institution. Ex. B.

On June 13, 2016, Nelson resolved the charge by entering a counseled, negotiated plea agreement. Ex. A. The agreement provided that Nelson would plead *nolo contendere* to the charge, and that he would be sentenced as follows: "I will be sentenced to fifteen years in the Dept. of Corrections as a PRR [Prison Releasee Reoffender]. This sentence shall run concurrently w/my current DOC sentence in Case No. 14-8360 CF." Ex. A.

Nelson entered his *nolo contendere* plea in open court on June 13, 2016. The trial court accepted Nelson's plea, adjudicated Nelson a Prison Releasee Reoffender, and sentenced him to 15 years of imprisonment as a PRR, to run concurrently with his sentence in Duval County Circuit Court Case No. 14-CF-8360. Exs. A, B.[3] Nelson did not appeal the judgment and sentence. Ex. H; *see also* Doc. 1 at 2.

On January 5, 2017, Nelson filed a *pro se* Motion for Modification/Mitigation of Sentence under Florida Rule of Criminal Procedure 3.800(c). Ex. C. The trial court denied the motion on January 23, 2017, because it was untimely:

---

[2] Hereafter, citations to the state-court record are to the electronically-filed exhibits attached to the State's motion to dismiss, Doc. 10.

[3] Nelson's adjudication and sentence as a PRR means that he is required to serve 100% of the court-imposed sentence. *See* Ex. B; Fla. Stat. § 775.082(9)(b).

> The Court having considered the matter, having reviewed the court record, and being otherwise advised finds it lacks jurisdiction to entertain this cause as more than more than [sic] sixty days have passed since rendition of sentence. **Pawley v. State**, 193 So. 3d 996 (Fla. 3rd DCA 2016).

Ex. D. Nelson did not appeal the court's ruling. Ex. H.

On September 3, 2021, Nelson filed a *pro se* Motion to Correct Illegal Sentence under Florida Rule of Criminal Procedure 3.800(a). Ex. E. The trial court denied the motion. Ex. E. The Florida First District Court of Appeal ("First DCA") affirmed *per curiam* and without written opinion. *Nelson v. State*, No. 1D21-3081, 328 So. 3d 299 (Fla. 1st DCA 2021) (Table) (copy at Ex. G). The mandate issued December 15, 2021. Ex. G.

Nelson filed his *pro se* federal habeas petition on January 10, 2022. Doc. 1 at 1. Nelson claims that his PRR sentence is unconstitutional, because (1) he was in prison at the time he committed the aggravated battery and thus did not satisfy the statutory definition of a "Prison Releasee Reoffender," and (2) the PRR statute impermissibly "takes the power away from the courts and gives it solely to the State Attorney." Doc. 1 at 10-19.

The State asserts that Nelson's petition is time-barred, because it was filed outside the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Doc. 10. Nelson maintains that his petition is timely because it was filed within one year

of his Rule 3.800(a) proceeding concluding. Doc. 1 at 31. Nelson also argues this

his PRR sentence constitutes a miscarriage of justice. Doc. 14.

## II. DISCUSSION

### A.    <u>The Federal Habeas Limitations Period</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

governs Nelson's § 2254 petition, because the petition was filed after the AEDPA's

effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The

AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal

habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the

latest of:

> (A)  the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;
>
> (C)  the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

### B.    Nelson's Habeas Petition Is Untimely

Nelson does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Nelson's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Nelson did not pursue direct review of his June 13, 2016, judgment; accordingly, his judgment became final for purposes of § 2244(d)(1)(A), at the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'— when the time for pursuing direct review in this Court, or in state court, expires.").

Nelson's time to seek direct review of his judgment expired on July 13, 2016, which was the deadline for him to file a notice of appeal in the First DCA. *See* Fla. R. App. P. 9.140(b)(2)(A)(ii), (b)(3).

The federal habeas limitations period began to run one day later, on July 14, 2016, and expired one year later, on July 14, 2017, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run).

Nelson did not properly file any tolling application during that critical one-year period. *See* 28 U.S.C. § 2244(d)(2). Nelson's Rule 3.800(c) motion did not toll the limitations period, because it was dismissed as untimely under state law and, thus was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)." (internal quotation marks omitted)); *Pace*, 544 U.S. at 417 ("Because the state court rejected petitioner's PCR petition as untimely, it was not 'properly filed', and he is

Page 6 of 14

not entitled to statutory tolling under § 2244(d)(2)."); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318 (11th Cir. 2006) ("[W]hen a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not 'properly filed' for the purposes of § 2244(d)(2).").

Nelson's Motion to Correct Illegal Sentence filed on September 3, 2021, did not trigger the tolling benefit of § 2244(d)(2), because the limitations period already had expired. *See Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008) (holding that a state-court motion for postconviction relief cannot toll the limitations period if that period has already expired); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Nor did the later filing reinitiate the federal limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

Nelson argues that his petition is timely because it was filed within one year of his Rule 3.800(a) proceeding concluding. Doc. 1 at 31. Nelson's argument fails, because his proposed interpretation of § 2244(d)(1) is contrary to the plain language of the statute.

Courts are required to construe statutes in a manner that is consistent with the intent of Congress as expressed in the plain meaning of the statute's text. *Stansell v.*

*Revolutionary Armed Forces of Colombia*, 704 F.3d 910, 915 (11th Cir. 2013) ("Our analysis must begin with the language of the statute."); *see also CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001) ("[W]e begin our construction of a statutory provision where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."). The most persuasive evidence of Congressional intent is the wording of the statute. *Perry v. Com. Loan Co*., 383 U.S. 392, 400 (1966).

Section 2244(d)(1) enumerates four events that trigger the commencement of the limitations period. The exhaustion of state court remedies (i.e., the completion of state postconviction proceedings) is not one of those events. Although state postconviction proceedings may affect the tolling of the limitations period, *see* § 2244(d)(2), they do not affect the date on which the limitations period commences. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the limitations period for a state prisoner to file his federal habeas petition began to run on the date his conviction became final by the conclusion of direct review, not on the date he exhausted all state postconviction remedies: "The plain language of the statute indicates that an application for state post conviction or other collateral relief does not serve to delay the date on which a judgment becomes final. Rather, such limitations merely toll the running of the statute of limitations.").

C.    **Nelson's Untimely Petition Should Be Dismissed**

Nelson argues that dismissing his petition would be a miscarriage of justice, because his PRR sentence is unconstitutional. Docs. 1, 14. Nelson claims that under his interpretation of the PRR statute, Fla. Stat. 775.082(9), he did not qualify as a "Prison Releasee Reoffender."

Section 775.082(9)(a) provides, in relevant part:

1. "Prison releasee reoffender" means any defendant who commits, or attempts to commit [enumerated offenses, including Aggravated Battery] within 3 years **after being released** from a state correctional facility operated by the Department of Corrections or a private vendor, a county detention facility following incarceration for an offense for which the sentence pronounced was a prison sentence, or a correctional institution of another state, the District of Columbia, the United States, any possession or territory of the United States, or any foreign jurisdiction, following incarceration for an offense for which the sentence is punishable by more than 1 year in this state.

2. "Prison releasee reoffender" also means any defendant who commits or attempts to commit any offense listed in sub-subparagraphs (a)1.a.-- r. while the defendant **was serving** a prison sentence or on escape status from a state correctional facility operated by the Department of Corrections or a private vendor or while the defendant was on escape status from a correctional institution of another state, the District of Columbia, the United States, any possession or territory of the United States, or any foreign jurisdiction, following incarceration for an offense for which the sentence is punishable by more than 1 year in this state.

Fla. Stat. § 775.082(9)(a)1.-2. (relevant language emphasized).

Nelson claims that because he committed the aggravated battery while in prison, he did not fall within subparagraph 1. Doc. 1 at 11-19; Doc. 14. Nelson

claims that he also did not fall within subparagraph 2., because the phrase "was serving" is "past tense," and his prison sentence had not expired at the time of the battery. Docs. 1, 14.

The "miscarriage of justice" exception is an equitable exception to the federal habeas procedural default rule. *Schlup v. Delo*, 513 U.S. 298 (1995). In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court extended that equitable exception to the federal habeas limitations period.

The miscarriage-of-justice exception is not a broad, catch-all exception. Rather, "[t]his rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors *do not result in the incarceration of innocent persons*." *McQuiggin*, 569 U.S. at 392 (internal quotation marks and citation omitted) (emphasis added); *see also McKay v. United States*, 657 F.3d 1190, 1198 (11th Cir. 2011) ("Indeed, the very reason the miscarriage of justice exception was linked to a movant's actual innocence was to ensure that this exception 'would remain *rare* and would only be applied in the *extraordinary case*.'" (quoting *Schlup*, 513 U.S. at 321) (emphases adopted)).

To satisfy the miscarriage-of-justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327; *McQuiggin*, 569 U.S. at 386-87. "[A]

substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup*, 513 U.S. 327. The reason is that:

> To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that that was not presented at trial.

*Schlup*, 513 U.S. at 327. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329; *McQuiggin*, 569 U.S. at 386 (emphasizing that "tenable" gateway claims under *Schlup* "are rare.").

Nelson does not assert that he is actually innocent of the aggravated battery, nor does he produce "new evidence" of that. Instead, he argues that his sentence is unconstitutional because a prisoner who commits one of the enumerated offenses while serving a sentence falls outside the statutory definition of a "Prison Releasee Reoffender." Doc. 1; Doc. 14. That is insufficient to satisfy the miscarriage-of-justice exception.

First, neither the Supreme Court nor the Eleventh Circuit has recognized a claim of "actual innocence" of a noncapital sentence. Second, even if such an exception were recognized, it would not apply here because Nelson's claim is one of legal, rather than factual, innocence of his PRR sentence. *See, e.g., McKay*, 657

F.3d at 1198 (Even assuming that [the actual innocence] exception does extend beyond the capital sentencing context, it still does not apply to McKay because his claim is one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview.").

Third and most significantly, Nelson's PRR sentence is a sentence he voluntarily negotiated—with the assistance of counsel—as part of his plea agreement. For all of these reasons, Nelson fails to satisfy the equitable exception to the statute of limitations bar.

Nelson's federal habeas petition, filed on January 10, 2022, is untimely by over 4 years. Nelson's untimely petition should be dismissed.

## III. A CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV.  CONCLUSION

For the reasons set forth above, the undersigned respectfully
**RECOMMENDS** that:

1.      Respondent's motion to dismiss, Doc. 10, be **GRANTED**.

2.      The petition for writ of habeas corpus, Doc. 1, challenging the judgment
of conviction and sentence in *State of Florida v. Earl Nelson*, Jefferson
County Circuit Court Case No. 2015-CF-147, be **DISMISSED with
prejudice** as time-barred.

3.      The District Court **DENY** a certificate of appealability.

4.      The clerk of court close this case file.

At Panama City, Florida, this <u>9th</u> day of August, 2022.

<u>/s/ *Michael J. Frank*</u>
**Michael J. Frank**
**United States Magistrate Judge**

### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must
be filed within fourteen (14) days of the date of the report and
recommendation. <u>Any different deadline that may appear on the
electronic docket is for the court's internal use only and does not
control.</u> An objecting party must serve a copy of the objections on
all other parties. A party who fails to object to the magistrate
judge's findings or recommendations contained in a report and
recommendation waives the right to challenge on appeal the
district court's order based on unobjected-to factual and legal
conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**